# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IVAN VILLA LARA,<br>*individually and on behalf of all others similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC., BEST BUY CO., INC., BEST BUY STORES, L.P., and BESTBUY.COM, LLC,<br><br>Defendants. | Civil No. 17-5222 (JRT/KMM)<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS** |

David M. Cialkowski and Alyssa Leary, **ZIMMERMAN REED, PLLP**, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, Brittany N. Resch and Joseph C. Bourne, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, and Luke Hudock, **HUDOCK LAW GROUP, S.C.**, P.O. Box 83, Muskego, WI 53150, for plaintiff.

Phoebe Anne Wilkinson, **HOGAN LOVELLS US LLP**, 875 Third Avenue, New York, NY 10022, and Peter H. Walsh, **HOGAN LOVELLS US LLP**, 80 South Eighth Street, Suite 1225, Minneapolis, MN 55402, for defendants.

This putative class action arises from Plaintiff Ivan Villa Lara's purchase of an LG television advertised to have a 120Hz refresh rate. Villa Lara alleges that the television, in fact, has a 60Hz refresh rate. Villa Lara filed this action against Defendants LG Electronics U.S.A., Inc. ("LG"), and Best Buy Co., Inc., Bust Buy Stores, L.P., and BestBuy.com, LLC (collectively "Best Buy"). Villa Lara asserts claims for violations of Minnesota, New Jersey, and California consumer-protection laws, along with various common-law claims.

Defendants move to dismiss all claims. The Court will grant in part and deny in part Defendants' motion.

## BACKGROUND

### I. FACTUAL BACKGROUND

In 2013, Villa Lara, a California resident, purchased a television manufactured by LG. (Am. Compl. ¶¶ 7, 67, Jan. 19, 2018, Docket No. 19.) Prior to buying the television, he received mail from Best Buy and compared various TV models on BestBuy.com. (*Id.* ¶ 68.) Villa Lara decided to purchase a television with a minimum of a 120Hz refresh rate. (*Id.*) Because he lacked the financial means to purchase his preferred TV, his grandmother agreed to purchase the TV from Best Buy for him, and he agreed to reimburse her. (*Id.* ¶ 69.)

On November 28, 2013, Villa Lara and his grandmother went to the Best Buy store in Compton, California. (*Id.* ¶ 70.) There, Villa Lara "viewed the advertisements and specifications" for the television that ended up being purchased. (*Id.*) "Relying on the 120Hz advertised refresh rate," and "believ[ing] he was getting a good deal for the premium feature of a '120 Hz' refresh rate," Villa Lara's grandmother purchased Villa Lara's preferred TV model for him as planned for $499.99, along with a $99.99 5-year Performance Service Plan. (*Id.* ¶ 71.) Sometime after purchasing the television, Villa Lara "noticed that the television's images were not as clear as expected," but did not learn until later that the television only had a 60Hz refresh rate. (*Id.* ¶ 73.)

In 2017, Villa Lara took his TV to Best Buy, seeking repair under the 5-year Performance Service Plan because of a problem unrelated to the TV's refresh rate. (*Id.* ¶ 74.) Best Buy did not repair the TV, but instead gave Villa Lara store credit in the form of Best Buy gift cards equivalent in value to his TV's purchase price. (*Id.*) On the Service Order for this transaction, Best Buy listed Villa Lara, not his grandmother, as the "Customer" and processed his order without objection. (*Id.*)

## II. PROCEDURAL BACKGROUND AND THE *HUDOCK* ACTION

On November 27, 2017 – three years and 364 days after Villa Lara purchased his TV and six months after he was refunded its purchase price in store credit – Villa Lara filed this putative class action against LG and Best Buy, asserting ten claims: (1) violation of Minnesota's Prevention of Consumer Fraud Act ("MCFA"), Minn. Stat. § 325F.68, et seq. (Count I); (2) violation of Minnesota's Uniform Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.43, et seq. (Count II); (3) violation of Minnesota's Unlawful Trade Practices Act ("MUTA"), Minn. Stat. § 325D.13 (Count III); (4) violation of New Jersey's Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1, et seq. (Count IV); (5) violation of California's Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1780, et seq. (Count V); (6) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (Count VI) (7) breach of express warranty (Count VII); (8) breach of implied warranty (Count VIII); (9) breach of contract against Best Buy (Count IX); and (10) unjust enrichment (Count X). (Am. Compl. ¶¶ 87-157; *see* Compl., Nov. 27, 2017, Docket No. 1.)

This action is similar to another putative class action against Defendants brought by Benjamin and Breann Hudock. *See Hudock v. LG Elecs. U.S.A., Inc.* (*Hudock I*), No. 16-1220, 2017 WL 1157098 (D. Minn. Mar. 27, 2017); *Hudock v. LG Elecs. U.S.A., Inc.* (*Hudock II*), No. 16-1220, 2018 WL 626527 (D. Minn. Jan. 30, 2018). Only Villa Lara's California state-law claims (Counts V-VI) are additional or different from the claims asserted in the *Hudock* case. (*Compare* Am. Compl. ¶¶ 87-157, *with* First Amended Class Action Complaint ¶¶ 91-143, *Hudock II*, 2018 WL 626527 (No. 16-1220), ECF No. 60.)[1]

LG and Best Buy move to dismiss the Amended Complaint under Rule 12(b)(1), arguing that Villa Lara lacks standing to maintain this action. Defendants also move to dismiss all claims in the Amended Complaint under Rule 12(b)(6).

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court views a complaint in "the light most favorable to the nonmoving party." *Longaker v. Bos. Sci. Corp.*, 872 F. Supp. 2d 816, 819 (D. Minn. 2012). The Court considers all facts alleged in the complaint as true to determine whether the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] The CLRA and MDTPA contain nearly identical language. *Compare* Cal. Civ. Code § 1770(a)(1)-(1), *with* Minn. Stat. § 325D.44 subd. 1(1)-(10).

misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility[,]'" and therefore must be dismissed. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Therefore, to survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## II. STANDING

Defendants move to dismiss Villa Lara's entire action for lack of Article III standing. The party invoking federal jurisdiction bears the burden of establishing standing, a core component of the case-or-controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). At the motion-to-dismiss stage, the Court considers the Amended Complaint and "other materials necessarily embraced by the pleadings." *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 715 (8th Cir. 2017). The Court will accept all fact allegations as true, and will make all reasonable inferences in favor of the plaintiff. *Id.* Further, given the early stage of litigation, the plaintiff need only plead "general factual allegations of injury resulting from the defendant's conduct" to successfully bear his burden of establishing standing. *Lujan*, 504 U.S. at 561.

"Constitutional standing (as opposed to statutory standing) is a threshold question" requiring plaintiffs to establish that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Kuhns*, 868 F.3d at 716 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). The Eighth Circuit has further found that whether a plaintiff has a cognizable injury "is closely bound up with the question of whether and how the law will grant him relief." *Braden*, 588 F.3d at 591.

Villa Lara pleads sufficient facts to show that he suffered an injury in fact. Villa Lara alleges damages through breach of contract and fraud by contending he would not have paid for the television at the advertised price had he known it was of a lower quality than advertised, even though he received a refund because of an unrelated issue. Moreover, Villa Lara alleges that he overpaid for the television because Defendants used a higher price point than the TV was worth. Villa Lara suffered an actual and concrete injury by not receiving the benefit he bargained for. *See Kuhns*, 868 F.3d at 716; *Carlsen v. Gamestop, Inc.*, 833 F.3d 903, 909 (8th Cir. 2016). Furthermore, Villa Lara sustained an economic injury by overpaying for the television. *See Sierra Club v. Morton,* 405 U.S. 727, 733-34. Villa Lara received store credit for his television only because he paid an additional amount for a service contract. Allegedly, he still originally overpaid for the

television and used a lower quality television for over three years, potentially entitling him to compensatory damages.[2]

Villa Lara also has statutory standing under the California Unfair Competition Law. "The UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*, 45 P.3d 243, 249 (Cal. 2002). The UCL's statutory standing requirement is more stringent than Article III standing. *Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d. 909, 919 (N.D. Cal. 2013). To satisfy the UCL standing requirement, plaintiffs must show that they "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. A plaintiff need not be a direct business competitor with a defendant to establish UCL standing. *Law Offices of Mathew Higbee v. Expungement Assistance Servs.*, 214 Cal. App. 4th 544, 547 (2013).

Villa Lara has UCL standing because he satisfies the "lost money" prong. Like the plaintiff in *Pirozzi*, Villa Lara argues that he overpaid for a product due to misrepresentations regarding the nature and quality of the product, and that overpayment is an economic injury sufficient to satisfy the UCL's standing requirements. *See Pirozzi*, 966 F. Supp. 2d. at 919-20. Thus, Villa Lara alleges that he lost money due to Defendants' unfair competition, and he satisfies the UCL's standing requirement.

---

[2] Although Villa Lara has established that he personally suffered an injury in fact, the Court seriously questions whether the unique circumstances of his injury and the amount of damages he would be entitled to (in light of the full refund he received) are common to and typical of similarly situated members of the putative class.

## III. FRAUD-BASED CLAIMS

Defendants move to dismiss Villa Lara's fraud-based claims (Counts I-VI, X) for lack of particularity under Rule 9(b).[3] The Court will dismiss without prejudice Villa Lara's fraud-based claims against LG, but not against Best Buy.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The rule requires a plaintiff to "identify who, what, where, when, and how." *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015) (quoting *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009)). It must "specify[ ] the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.* (alteration in original) (quoting *Hypoguard*, 559 F.3d at 822). The goal of Rule 9(b), like that of Rule 8, "is fair notice." *City of Wyoming v. Procter & Gamble Co.*, 210 F. Supp. 3d 1137, 1154 (D. Minn. 2016).

Villa Lara pleads his fraud-based claims with sufficient particularity against Best Buy. He identifies three specific instances of misrepresentations by Best Buy: its website, mailers, and in-store advertisements. (Am. Compl. ¶¶ 68, 70.) Villa Lara alleges that he

---

[3] Rule 9(b) applies to Counts I-VI and X of Villa Lara's Amended Complaint. *See, e.g.*, *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 876, 880 (D. Minn. 2012) (MCFA, MUTPA, and MDTPA claims; Counts I-III); *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2014) (NJCFA claim; Count IV); *Diacakis v. Comcast Corp.*, No. 11-3002, 2012 WL 43649, at *4-5 (N.D. Cal. Jan. 9, 2012) (CLRA claim; Count V); *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1175 (C.D. Cal. 2014) (California UCL claim; Count VI); *United States v. Henderson*, No. 03-5060, 2004 WL 540278, at *2-3 (D. Minn. Mar. 16, 2004) (unjust enrichment claim; Count X).

"searched BestBuy.com" from his California home in November 2013 "to compare various television models." (*Id.* ¶ 68.) Villa Lara alleges that he received numerous mailers from Best Buy at his California home (*Id.*) And Villa Lara alleges that he viewed advertisements and specifications about a particular TV model, at a particular Best Buy store, on a particular day, and that he made his purchase in reliance on Best Buy's advertised refresh rate (*Id.* ¶¶ 70-71). Thus, Villa Lara has identified the who, what, where, when, and how to sufficiently put Best Buy on notice about the conduct alleged to be fraudulent or misleading. Villa Lara's complaint therefore sufficiently alleges his fraud-based claims against Best Buy with particularity under Rule 9(b).

But Villa Lara's complaint lacks sufficient facts about fraud or misrepresentations by LG. The Amended Complaint's limited references to LG's conduct include its "spec sheets" on its website (*id.* ¶ 52), but the Amended Complaint says nothing about how, when, or where Villa Lara viewed or relied on these spec sheets, if at all. The Court will therefore dismiss without prejudice Villa Lara's fraud-based claims against LG.

## IV.  MDTPA CLAIM

Defendants move to dismiss Villa Lara's MDTPA claim (Count II) to the extent it seeks anything more than injunctive relief. The Court has already held that relief under the MDTPA is limited to injunctive relief, *Hudock I*, 2017 WL 1157098, at *6-7, and Villa Lara does not oppose this part of Defendant's motion. The Court will therefore grant Defendants' motion in this respect.

## V. NJCFA CLAIM

Defendants move to dismiss Villa Lara's NJCFA claim (Count IV) for failure to plead ascertainable loss. The Court resolved the ascertainable-loss issue against Defendants in its order in the *Hudock* case, *Hudock II*, 2018 WL 626527, at *2-4, and Defendants largely repeat their unavailing arguments here. Moreover, Villa Lara has alleged the price of a specific comparable model 120Hz LED TV available around the time of his purchase. (Am. Compl. ¶ 66.)[4] The Court will therefore deny Defendants' motion in this respect.

## VI. CLRA CLAIM

Defendants move to dismiss Villa Lara's CLRA claim (Count V) on multiple grounds. The Court will deny Defendants' motion in this respect.

### A. Statute of Limitations

First, Defendants argue that Villa Lara's claim is time barred. A federal court sitting in diversity applies state substantive law – including equitable-tolling law – when determining whether a claim is time barred. *Walker v. Thielen Motors, Inc.*, 916 F.2d 450, 451 (8th Cir. 1990). This Court employs Minnesota's choice-of-law rules, *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1123 (8th Cir. 2012), and Minnesota's borrowing statute dictates that California's statute of limitations, including its equitable-tolling law, applies to Villa Lara's CLRA claim, *see* Minn. Stat. § 541.31 subd. 1(a)(1).

---

[4] Defendants argue that the TV cited in the Amended Complaint is not comparable, and cite to evidence about the product's technical specifications. But the Court must assume that factual allegations are true at the motion-to-dismiss stage.

The CLRA has a three-year statute of limitations, Cal. Civ. Code § 1783, and Villa Lara filed this action more than three years after he purchased his TV. Although the delayed-discovery rule will not toll Villa Lara's CLRA claim, the Court will conclude that the claim is subject to California's version of *American Pipe* tolling.

The delayed-discovery rule "tolls the statute of limitations on CLRA claims." *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1320 (C.D. Cal. 2013). At the motion-to-dismiss stage, a plaintiff must plead facts that show "the time and manner of discovery," and "the inability to have made earlier discovery despite reasonable diligence." *E-Fab Inc. v. Accountants, Inc. Svcs.*, 64 Cal. Rptr. 3d 9, 16-17 (Cal. Ct. App. 2007).

The delayed-discovery rule will not allow Villa Lara to maintain his CLRA claim because Villa Lara has not sufficiently pled the necessary facts. Villa Lara alleges only that he "noticed that [his] television's images were not as clear as expected" some time "[a]fter purchasing his television." (Am. Compl. ¶ 73.) There are no facts that suggest that Villa Lara was unable to make earlier discovery of his television's 60Hz refresh rate despite reasonable diligence. To the contrary, Villa Lara alleges that he "noticed" the lower-clarity images and discovered that his TV had a 60Hz refresh rate by "[c]onducting his own research through various forums online." (*Id.*) Given that "[a] television's refresh rate is directly linked to picture quality, and is one of the most material specifications touted by television manufacturers to consumers," (*id.* ¶ 4), the Court doubts that Villa Lara can allege facts sufficient to show that he was unable to make earlier discovery of his television's 60Hz refresh rate despite reasonable diligence.

Under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. *American Pipe* tolling applies to federal claims, not state ones, and so the Court "must look to any state analogue to *American Pipe* tolling rather than *American Pipe* itself." *Thomas v. U.S. Bank NA ND*, 789 F.3d 900, 903 (8th Cir. 2015) (quoting *Vincent v. Money Store*, 915 F. Supp. 2d 553, 561 (S.D.N.Y. 2013)).

California has its own version of equitable tolling under *American Pipe*.

> California's equitable tolling doctrine is a policy adopted and approved specifically by the California courts. Its purpose is to toll the statute of limitations in favor of a plaintiff who acted in good faith where the defendant is not prejudiced by having to defend against a second action. . . . California courts have permitted **individual** plaintiffs to take advantage of the *American Pipe* tolling rule where the prior class action provided the defendant with sufficient notice of the claims made against it.

*Hatfield v. Halifax PLC*, 564 F.3d 1177, 1188 (9th Cir. 2009) (citation omitted). California allows tolling of an individual's claim if a prior class action complaint "sufficiently put[s] defendants on notice of the substance and nature of plaintiff's claims," and "serve[s] to further economy and efficiency of litigation, so as to justify affording plaintiff shelter under the protective umbrella of *American Pipe*." *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 936 (Cal. 1988).

Here, the *Hudock* action sufficiently put LG and Best Buy on notice of the substance and nature of Villa Lara's CLRA claim. As Defendants admit, Villa Lara's complaint "is a nearly identical complaint, filed by the identical counsel, and relating to an identical

- 12 -

model of LG LED TV to the one allegedly purchased by Benjamin and Breann Hudock." (Defs.' Mem. Supp. Mot. to Dismiss at 7, Feb. 12, 2018, Docket No. 29.) Because California's version of *American Pipe* tolling applies here, the Court will not dismiss Villa Lara's CLRA claim as time barred.[5]

### B. Consumer Status

Second, Defendants argue that Villa Lara is not a "consumer" under the CLRA because he repaid his grandmother for the TV rather than buying it from Best Buy himself directly. But the CLRA defines "consumer" as "an individual who **seeks** or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. Civ. Code § 1761(d) (emphasis added). And the CLRA states that it "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices." *Id.* § 1760. Villa Lara at least was "seek[ing]" the TV from Best Buy, even if he did not "acquire" his TV "by purchase" from Best Buy. "Nothing in the language of the CLRA states that only a defendant who directly engaged in a completed transaction with a plaintiff may be liable to that plaintiff." *Chamberlan v. Ford Motor Co.*, No. 03-2628, 2003 WL 25751413, at *7 (N.D. Cal. Aug. 6, 2003).

---

[5] At this time, the Court is holding only that Villa Lara's **individual** CLRA claim is tolled. The Court is not deciding at this time whether Villa Lara's CLRA claim is tolled on a class-wide basis because "extend[ing] tolling to class actions tests the outer limits of the *American Pipe* doctrine and . . . falls beyond its carefully crafted parameters into the range of abusive options." *Hatfield*, 564 F.3d at 1189 n.8 (omission in original) (quoting *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987)).

### C. Venue Affidavit

Third, Defendants argue that Villa Lara's CLRA claim must be dismissed for failure to follow the statute's venue-affidavit requirement. The CLRA requires a plaintiff to concurrently file with the complaint an "affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action." Cal. Civ. Code § 1780(d). Failure to file this affidavit requires that the claim be dismissed without prejudice. *Id.*

Villa Lara did not file that affidavit with this action. But the CLRA's venue-affidavit requirement is a state procedural rule inapplicable in federal court because "application of the requirement does not have a significant impact on the outcome of the case." *Evans v. Linden Research, Inc.*, 763 F. Supp. 2d 735, 738 n.1 (E.D. Pa. 2011); *see also Sandoval v. PharmaCare US, Inc.*, 145 F. Supp. 3d 986, 999 (S.D. Cal. 2015). *But see In re Hardieplank Fiber Cement Siding Litig.*, No. 12-2359, 2013 WL 3717743, at *20 (D. Minn. July 15, 2013) (holding that CLRA's venue-affidavit rule is substantive); *Castagnola v. Hewlett-Packard Co.*, No. 11-05772, 2012 WL 2159385, at *10 (N.D. Cal. June 13, 2012) (same).

## VII. WARRANTY CLAIMS

Defendants move to dismiss Villa Lara's warranty claims (Counts VII & VIII) on multiple grounds. The Court will deny Defendants' motion to dismiss Villa Lara's warranty claims.

### A. Lack of Privity

Defendants argue that Villa Lara cannot assert warranty claims against them because Villa Lara purchased his television from his grandmother, not from Best Buy, and thus Villa Lara was never in privity of contract with Best Buy or LG. But Villa Lara alleges sufficient facts to establish that his grandmother was his agent in a principal-agent relationship with respect to the purchase from Best Buy. *See* Restatement (Third) of the Law of Agency § 6.03 (2018). Both he and his grandmother went to Best Buy together; he picked out the TV; she completed the transaction with Best Buy; he took the TV home; and he paid her back. Villa Lara also pleads facts that show that his grandmother assigned her rights to her contract with Best Buy to Villa Lara and that Best Buy ratified that novation when it recognized Villa Lara as the "customer" in 2017 when he took his TV in for repairs. *See* Restatement (Second) of the Law of Contracts § 280 (2018).

### B. Lack of Pre-Suit Notice

Defendants argue that Villa Lara's warranty claims fail because he did not give Defendant's pre-suit notice. Under both California and Minnesota law, a plaintiff asserting claims for breach of warranty must provide the defendant with pre-suit notice of the claim. Cal. Comm. Code § 2607(3)(A); Minn. Stat. § 336.2-607(3)(a). Under California law, most of Villa Lara's warranty claims (but not his express warranty claim against LG) likely would be dismissed for failure to provide pre-suit notice. At best, Villa Lara gave Defendants' notice on November 27, 2017, the same day as this action was filed, and notice that is provided contemporaneous to the filing of a civil action does not satisfy California's pre-suit notice requirement. *Alvarez v. Chevron Corp.*, 656 F.3d 925, 931-32 (9th Cir.

2011). But, under Minnesota law, Villa Lara's delay in giving Defendants pre-suit notice is not a reason to dismiss Villa Lara's warranty claims because Defendants were not prejudiced by Villa Lara's delay given the earlier-filed *Hudock* action. *See City of Wyoming*, 210 F. Supp. 3d at 1158 (citing *Leamington Co. v. Nonprofits' Ins. Ass'n*, 615 N.W.2d 349, 354 (Minn. 2000)). Because the Court has not yet decided whether California or Minnesota law applies to Villa Lara's common-law claims, the Court will deny Defendants' motion in this respect. *See Hudock I*, 2017 WL 1157098, at *8.

### C. Specific Statements for Express Warranty

Finally, Defendants argue that Villa Lara has not alleged "specific statements by Defendants that formed an express warranty" because he has not alleged "the mode or manner" that Defendants disseminated the statements giving rise to an express warranty. (Defs.' Mem. Supp. at 25.) But Villa Lara does allege the "mode and manner" of the information disseminated by Best Buy that gives rise to his warranty claims. Villa Lara specifically identifies: (1) Best Buy's website information in November 2013 about the model TV that Villa Lara purchased, including its refresh rate; (2) Best Buy's mailers to residents of Compton, California, in November 2013 about the model TV that Villa Lara purchased, including its refresh rate; and (3) Best Buy's advertisements and specifications about the model TV that Villa Lara purchased (including its refresh rate) in Best Buy's Compton, California, store on November 28, 2013. Villa Lara also alleges the mode and manner of information disseminated by LG, specifically LG's "spec sheets." The Court will therefore deny Defendants' motion in this respect.

## VIII. BREACH OF CONTRACT CLAIM

Defendants move to dismiss Villa Lara's breach-of-contract claim (Count IX) against Defendant Best Buy.  The parties recite the same arguments about whether Villa Lara's grandmother was his agent and whether Best Buy ratified any novation by Villa Lara for his grandmother's contract with Best Buy.  For the same reasons the Court will not dismiss Villa Lara's warranty claims, the Court will not dismiss Villa Lara's breach-of-contract claim.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant LG Electronics U.S.A., Inc.'s Motion to Dismiss [Docket No. 27] is **GRANTED in part and DENIED in part** as follows:

    a. The motion is **GRANTED** with respect to Plaintiff's fraud-based claims [Counts I-VI, X].  Counts I-VI and X are **DISMISSED without prejudice**.

    b. The motion is **DENIED** in all other respects.

2. Defendants Best Buy Co., Inc., Best Buy Stores, L.P., and BestBuy.com, LLC's Motion to Dismiss [Docket No. 27] is **GRANTED in part** and **DENIED in part** as follows:

    a. The motion is **GRANTED** with respect to Minnesota's Uniform Deceptive Trade Practices Act [Count II].  Count II is **DISMISSED with prejudice** to the extent that it seeks relief beyond injunctive relief.

b. The motion is **DENIED** in all other respects.

DATED: August 7, 2018                  _____s/John R. Tunheim_____
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                                                 Chief Judge
                                            United States District Court